Steven Harbace
Of Counsel

> **Lauren Topelsohn, Esq.**
> 425 Eagle Rock Avenue, Suite 201
> Roseland, New Jersey 07068
> T: (973) 618-2175
> F: (866) 482-3171
>
> New York Office
> 575 Madison Avenue, Suite 1006
> New York, New York 10022

July 16, 2008

**By ECF**
Honorable John J. Hughes, U.S.M.J.
Clarkson S. Fisher Federal Building &
U.S. Courthouse
Courtroom 6W
402 East State Street
Trenton, New Jersey 08608

        Re:   NR Media Inc. et al. v. Too Much Media, LLC et al.
                Case No. 3:06cv03988 (JAP)(JHH)

Dear Judge Hughes:

      This firm represents NR Media, Inc. and Naked Rhino Media, LLC ("Plaintiffs") in the above-referenced matter.

      As you are aware, on July 2, 2008 the parties entered into a settlement agreement on the record (the "Settlement Agreement") following the lunch recess of the hearing then being conducted before your Honor. The terms of the Settlement Agreement were the result of extensive negotiations in which the principals and counsel for all parties participated.

      In an effort to conclude this matter as expeditiously as possible, it was agreed that I would circulate a draft document memorializing the terms of the Settlement Agreement to all counsel. I did so the following day, July 3, 2008.

      On July 8, 2008 Andrea Sullivan, Esq., counsel for the individual defendants John Albright and Charles Berrebbi, agreed to the form proposed. In addition, Robert Apgood, Esq., counsel for Jason Tucker, an individually named defendant who has not appeared, has agreed to the form proposed. Joel Kreizman, Esq., counsel for defendant Too Much Media, LLC ("TMM") however, has rejected the form. Mr. Kreizman's objection relates to the confidentiality provision included therein, although it embodies the precise terms to which he specifically agreed.

July 16, 2008/page 2
Hon. John J. Hughes, U.S.M.J.

      Attached hereto, please find my letter to Mr. Kreizman dated yesterday by which I attempted to resolve this matter without further burdening the Court. (Annexed to said letter are copies of the emails we have exchanged between July 7, 2008 and July 9, 2008 and the form of the agreement to which all have agreed with the exception of Mr. Kreizman). Also attached is Mr. Kreizman's response to same dated today. As demonstrated in said communications, Mr. Kreizman's objection is insupportable.

      Based upon the foregoing, Plaintiffs respectfully request a telephone conference with the Court. In order to facilitate same, Plaintiffs are in the process of obtaining a transcript of that portion of the July 2, 2008 proceedings that reflect the terms of the Settlement Agreement (the "Transcript"). Since it is Mr. Kreizman's unreasonable position alone that necessitated this application and is prolonging the resolution of this action, thus requiring Plaintiffs to expend further sums to consummate the Settlement Agreement to which all have agreed, Plaintiffs further request that Mr. Kreizman, pursuant to 28 U.S.C. §1927, and/or TMM, be responsible for all costs, expenses and reasonable attorneys fees incurred by Plaintiffs in this matter from the date of this letter, including but not limited to the cost of the Transcript.

                                                  Respectfully submitted,

                                                  Lauren Topelsohn

LXT:sh
cc:    Chris Potoski (by e-mail)
       Joel Kreizman, Esq. (by ECF)
       Andrea Sullivan, Esq. (by ECF)
       Steven Teppler, Esq. (by e-mail)
       Charles Carreon, Esq. (by e-mail)
       Robert Apgood, Esq. (by e-mail)

Steven Harbace
Of Counsel

**Lauren Topelsohn, Esq.**
425 Eagle Rock Avenue, Suite 201
Roseland, New Jersey 07068
T: (973) 618-2175
F: (866) 482-3171

New York Office
575 Madison Avenue, Suite 1006
New York, New York 10022
T: (212) 354-0498

July 15, 2008

**By Facsimile (732) 695-8108 and Regular Mail**
Joel N. Kreizman, Esq.
Evans Osborne & Kreizman, LLC
802 West Park Avenue
Oakhurst, New Jersey 07755

      Re: NR Media Inc. et al. v. Too Much Media, LLC et al.
         Case No. 3:06cv03988 (JAP)(JHH) (the "Action")

Dear Mr. Kreizman:

  As you are aware, on July 3, 2008, I forwarded to all counsel a draft document memorializing the terms of the parties' settlement agreement entered into the record before the Court on July 2, 2008 (the "Settlement Agreement").

  On Monday, July 7, 2008, you expressed "concern" regarding the impact of the confidentiality provision upon a matter entitled Too Much Media, LLC et al. v. Shellee Hale (the "Hale Matter"). This was the first time that any reference was made to the Hale Action in this matter.

  Thereafter, by e-mail dated July 8, 2008, you proposed that the Hale Matter be excluded from the restrictions of the confidentiality provision included in the Settlement Agreement. As you are aware, the Settlement Agreement does not contemplate that any such exception be made. In reply, by e-mail dated July 9, 2008, I advised you that NR Media, Inc. and Naked Rhino Media, LLC ("Plaintiffs") are unable to agree to such an exclusion, but would consider a "pending litigation" exception, provided that pursuant to any such exception Too Much Media, LLC ("TMM") would be required, among other matters, to: (1) file all Court documents in the pending litigation under seal; (2) ensure all information produced by TMM (documentary and testimonial) is subject to a confidentiality agreement, the form of which Plaintiffs would need to approve in advance; and (3) refrain from commenting on the facts and allegations contained in pleadings filed in the Action, outside of the proceedings in the pending litigation. To date, I have not received a draft of any proposed language from you. (Copies of the foregoing e-mails are attached for your review).

  As I previously advised you, on July 8, 2008 Andrea Sullivan, Esq., counsel for the individual defendants, approved the form of the document that I forwarded on July 3, 2008,

July 15, 2008
Kreizman/page 2

with the exception of Paragraph 7, which has been deleted from the revised form annexed hereto. In addition, thereafter Robert Apgood, Esq., on behalf of Jason Tucker, has agreed to such form. To date, I have not received any comment from you other than your request that the Hale Matter be excluded from the terms of the confidentiality provision, and Plaintiffs have rejected same.

      Accordingly, please notify me in writing by July 17, 2008 whether the form annexed hereto is acceptable to you so that I may distribute execution copies. If you do not respond as aforesaid and/or Plaintiffs are compelled to seek Court intervention to consummate the Settlement Agreement, we will seek "excess costs, expenses and attorneys' fees reasonably incurred" based on your unreasonable "multiplication" of "the proceedings" pursuant to 28 U.S.C. § 1927.

Very truly yours,

Lauren Topelsohn

LXT:sh (w/attchs.)
cc:   Chris Potoski (by e-mail)
      Andrea Sullivan, Esq. (by e-mail and regular mail)
      Charles Carreon, Esq. (by e-mail)
      Robert Apgood, Esq. (by e-mail)
      Steven Teppler, Esq. (by e-mail)

## Lauren Topelsohn

**From:** Lauren Topelsohn
**Sent:** Wednesday, July 09, 2008 12:47 PM
**To:** 'Joel Kreizman'
**Cc:** Andrea SULLIVAN; 'Chris Potoski'; 'Charles Carreon'; 'steppler@timecertain.com'
**Subject:** RE: Status of Settlement Agreement

Joel: I reviewed the TMM v. Hale complaint at your request. However, it does not affect my analysis of the situation. With respect to the confidentiality of the transcripts, although they may have been publicly posted, the settlement agreement specifically provided that all facts and allegations in NRM v. TMM would be treated by the parties as confidential.

We are not attempting to restrict TMM so that it is unable to pursue its action against Ms. Halle. TMM may still do so with the confidentiality mechanisms in place that are outlined in my last email.

```
LXT
Lauren X. Topelsohn, Esq.
575 Madison Avenue    425 Eagle Rock Avenue
Suite 1006            Suite 201
NY, NY 10022          Roseland, NJ 07068

NY T:  (212) 354-0498
NJ T:  (973) 618-2175
ATTORNEY-CLIENT PRIVILEGED MATERIAL. This e-mail (including any attachments) is
subject to the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq, and
is intended for the exclusive use of the individual to whom it is addressed. This
e-mail and information accompanying it is considered proprietary, confidential,
privileged and/or exempt from disclosure. If you are not the intended recipient or
the agent responsible for delivering the message to the intended recipient, any
use, review, dissemination, or copying of this e-mail and any attachments is
strictly prohibited.  If you have received this e-mail in error, please immediately
notify the sender by reply e-mail and delete this e-mail and any attachments from
your computer.  Your cooperation is appreciated.
```

**From:** Joel Kreizman [mailto:jkreizman@evlaw.com]
**Sent:** Wednesday, July 09, 2008 11:59 AM
**To:** Lauren Topelsohn
**Cc:** Andrea SULLIVAN; John Albright; berrebbi@toomuchmedia.com
**Subject:** RE: Status of Settlement Agreement

Lauren - Before we get into a needless and ridiculous battle royal, please review the Hale complaint attached. It mostly involves the alleged security breach. I am asking for the carve out because at one point she referred to the deposition transcripts in the NR Media v. TMM case (which apparently Mr. Carreon posted). Those transcripts are, accordingly, no longer confidential, regardless of any agreement. I need to be able to refer to them without concern of breaching a confidentiality provision which, as stated, is moot with regard to those transcripts.

Joel N. Kreizman, Esq.
Evans, Osborne & Kreizman, LLC
802 West Park Avenue, Suite 222
Ocean, NJ   07712

Mailing Address: P.O. Box 520, Oakhurst, NJ   07755
jkreizman@evlaw.com


7/15/2008

732-695-8100 ext. 332
732-695-8108 fax

-----Original Message-----
**From:** Lauren Topelsohn [mailto:ltopelsohn@trantech.net]
**Sent:** Wednesday, July 09, 2008 11:22 AM
**To:** Joel Kreizman
**Cc:** Andrea SULLIVAN; Chris Potoski; Stephanie RECKORD; Steven Harbace
**Subject:** RE: Status of Settlement Agreement

Joel:

Actually, the language included in the document is completely consistent with the terms of the parties' settlement agreement. The only provision we did not discuss was paragraph 7 and as I advised Andrea, I am more than willing to remove it.

Specifically with respect to the confidentiality agreement, the terms incorporate everything we discussed and agreed to during the lunch break. As you may recall, we discussed the effect of the confidentiality provision in the event of a legal compulsion. We agreed that in such event, there would be a mechanism by which one side would advise the other in the event that the non-subpoenaed party wanted to move to quash. In fact, as you may recall, I proposed that in such event, that the non-subpoenaed party would be responsible for the attorney fees of the subpoenaed party, and Andrea rejected that. In addition, Stephanie and I clarified and agreed to the precise language that the confidentiality agreement extend to any comment regarding the "facts and allegations contained in the pleadings." The purpose of the provisions permitting the clients to discuss the matter with their attorneys and accountants, is obvious, and I believe in the interest of all parties.

I do not know who Shelley Hale is or what the basis of TMM's claim is against her. It would have been helpful if you had raised this matter earlier so that it may have been addressed. However, you did not raise it during the lunch break during which the parties negotiated and reached their agreement; nor did you raise it before the Court when I corrected your misstatement on the record and advised the Court that the confidentiality agreement was not limited to "public comment" as you had erroneously indicated, but extended to "any comment at all, public or otherwise." Nor did you at any time prior to your July 7, 2008 email (below) disclose the existence of this litigation.

That said, I cannot agree to your proposal that a specific exception be included in the confidentiality provision with respect to TMM v. Hale. Clearly if we agreed to such a carve out (1) it would appear as though my clients were tacitly supporting TMM's litigation efforts against Ms. Hale; (2) my clients would thus run the risk of becoming embroiled in that litigation; and (3) it would be contrary to the spirit of parties' settlement agreement that there was no wrongdoing on the part of any side, and everyone is going to go their separate ways, since we cannot anticipate what facts TMM may offer to support its claims.

If TMM is intent upon pursuing its action against Ms. Hale, and if we agreed to permit a carve out for "pending litigation" – and I am not saying we do or will – in accordance with the parties' settlement agreement, TMM would be obligated to (1) file all court documents in the pending litigation under seal; (2) ensure that all information produced by TMM (documentary and testimonial) is subject to a confidentiality agreement, the form of which NRM would need to approve; and (3) refrain from any comments regarding the facts and allegations in the NRM v. TMM case outside of the actual proceedings in the pending litigation.

Although I do not know anything about TMM v. Hale, it seemed that your clients were eager to end their litigation costs, conclude this matter and move on with their business (as is NRM). Indeed, I spoke with Andrea Sullivan yesterday who has informed me that the document, with the possible exception of paragraph 7, is acceptable to her. However, if TMM believes that it is worthwhile to pursue its action against Ms. Hale, please forward your proposed "pending litigation" exception language, which should incorporate all of the elements delineated above, so that I may review same and discuss it with my clients.

```
Lauren X. Topelsohn, Esq.
575 Madison Avenue    425 Eagle Rock Avenue
Suite 1006            Suite 201
NY, NY 10022          Roseland, NJ 07068

NY T: (212) 354-0498
NJ T: (973) 618-2175
```

ATTORNEY-CLIENT PRIVILEGED MATERIAL. This e-mail (including any attachments) is subject to the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq, and is intended for the exclusive use of the individual to whom it is addressed. This e-mail and information accompanying it is considered proprietary, confidential, privileged and/or exempt from disclosure. If you are not the intended recipient or the agent responsible for delivering the message to the intended recipient, any use, review, dissemination, or copying of this e-mail and any attachments is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and delete this e-mail and any attachments from your computer. Your cooperation is appreciated.

---

**From:** Joel Kreizman [mailto:jkreizman@evlaw.com]
**Sent:** Tuesday, July 08, 2008 8:37 PM
**To:** Lauren Topelsohn
**Cc:** Andrea SULLIVAN; John Albright; berrebbi@toomuchmedia.com
**Subject:** RE: Status of Settlement Agreement

I am not proposing making any comments. Your language concerning the scope of when and how matters involving this action may be discussed in a court goes beyond anything discussed last Wednesday. I am not looking to discuss this action or the underlying allegations. Nevertheless I can't say that in the scope of that defamation case something won't come up. We certainly never agreed to dismiss that case. I think we just need a sentence excluding from the confidentiality provision statements made in the course of litigation captioned Too Much Media, LLC v. Shellee Hale currently pending in the United States District Court for the District on New Jersey.


Joel N. Kreizman, Esq.
Evans, Osborne & Kreizman, LLC
802 West Park Avenue, Suite 222
Ocean, NJ 07712

Mailing Address: P.O. Box 520, Oakhurst, NJ 07755
jkreizman@evlaw.com

732-695-8100 ext. 332
732-695-8108 fax

>     -----Original Message-----
>     **From:** Lauren Topelsohn [mailto:ltopelsohn@trantech.net]
>     **Sent:** Tuesday, July 08, 2008 6:25 PM
>     **To:** Joel Kreizman
>     **Cc:** Andrea SULLIVAN; Chris Potoski
>     **Subject:** RE: Status of Settlement Agreement
>
>     Joel:
>         It was agreed on the record that with the exception of the Joint Press Release, the parties would refrain from making any comments regarding the facts and allegations contained in the pleadings -- public or otherwise. That is the agreement and we are bound

7/15/2008

by it.  So what are you proposing?

Lauren X. Topelsohn, Esq.
575 Madison Avenue      425 Eagle Rock Avenue
Suite 1006              Suite 201
NY, NY 10022            Roseland, NJ 07068

NY T:  (212) 354-0498
NJ T:  (973) 618-2175
ATTORNEY-CLIENT PRIVILEGED MATERIAL. This e-mail (including any attachments) is subject to the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq, and is intended for the exclusive use of the individual to whom it is addressed. This e-mail and information accompanying it is considered proprietary, confidential, privileged and/or exempt from disclosure. If you are not the intended recipient or the agent responsible for delivering the message to the intended recipient, any use, review, dissemination, or copying of this e-mail and any attachments is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by reply e-mail and delete this e-mail and any attachments from your computer.  Your cooperation is appreciated.

**From:** Joel Kreizman [mailto:jkreizman@evlaw.com]
**Sent:** Monday, July 07, 2008 5:50 PM
**To:** Lauren Topelsohn
**Cc:** Andrea SULLIVAN; John Albright; berrebbi@toomuchmedia.com
**Subject:** RE: Status of Settlement Agreement

I was off for the weekend and today. I just saw the agreement, which essentially looks fine. I do, however, have one concern. TMM has sued Shellee Hale, a poster on GFY et al for defamation relating to charges she made that impact on the allegations in the NR Media-TMM lawsuit. I don't want the confidentiality provision to hamper our ability to follow through on that action.


Joel N. Kreizman, Esq.
Evans, Osborne & Kreizman, LLC
802 West Park Avenue, Suite 222
Ocean, NJ   07712

Mailing Address:  P.O. Box 520, Oakhurst, NJ   07755
jkreizman@evlaw.com

732-695-8100 ext. 332
732-695-8108 fax


>-----Original Message-----
> **From:** Lauren Topelsohn [mailto:ltopelsohn@trantech.net]
> **Sent:** Monday, July 07, 2008 12:57 PM
> **To:** asullivan@greenbaumlaw.com; Joel Kreizman; Stephanie RECKORD; rob@carpelaw.com
> **Cc:** Chris Potoski
> **Subject:** Status of Settlement Agreement
>
> Counsel:  I am advised by my client that there is a trade show at the end of this week. Presumably it would be in the best interest of everyone, if we could tie this up in advance.
>
> Please confirm that you received the draft I sent Thursday and what if, any comments you may have.  If you did not receive it, I have attached another copy for your convenience.

LXT

**Lauren X. Topelsohn, Esq.**

575 Madison Avenue    425 Eagle Rock Avenue
Suite 1006    Suite 201
NY, NY 10022    Roseland, NJ 07068

NY T: (212) 354-0498
NJ T: (973) 618-2175

ATTORNEY-CLIENT PRIVILEGED MATERIAL. This e-mail (including any attachments) is subject to the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq, and is intended for the exclusive use of the individual to whom it is addressed. This e-mail and information accompanying it is considered proprietary, confidential, privileged and/or exempt from disclosure. If you are not the intended recipient or the agent responsible for delivering the message to the intended recipient, any use, review, dissemination, or copying of this e-mail and any attachments is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and delete this e-mail and any attachments from your computer.  Your cooperation is appreciated.

7/15/2008

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

**THIS AGREEMENT** (hereinafter the "Agreement") memorializes the terms of the settlement agreement made and entered into on the record on the 2nd day of July 2008, before Magistrate Judge John J. Hughes of United States District Court for the District of New Jersey Court, by and among NR MEDIA, INC., NAKED RHINO MEDIA, LLC, NO RIVALS, LLC, CHRIS POTOSKI, and JASON TUCKER (hereafter the "NRM Parties") on the one hand, and TOO MUCH MEDIA, LLC (incorrectly named as "Too Much Media, Inc."), JOHN ALBRIGHT and CHARLES BERREBBI (the "TMM Parties"), on the other.

**WHEREAS,** NR Media, Inc. and Naked Rhino Media, LLC commenced an action on August 22, 2006 before the United States District Court for the District of New Jersey (the "USDNJ") under Civil Case Number 06 Civ. 04079 encaptioned <u>NR Media, Inc. and Naked Rhino Media, LLC v. Too Much Media, Inc., John Albright and Charles Berrebbi</u> (the "Action");

**WHEREAS,** the Too Much Media, LLC filed a separate action in the USDNJ under Civil Case Number 06 Civ. 04079 encaptioned <u>Too Much Media, LLC v. NR Media, Inc.</u> that was subsequently voluntarily withdrawn pursuant to the Court's Order dated October 5, 2006; and

**WHEREAS,** the NRM Parties and TMM Parties have asserted various claims and counterclaims against each other in the Action; and

**WHEREAS,** the NRM Parties and TMM Parties (collectively, the "Parties") desire to resolve the controversy between them upon the terms set forth on the record as aforesaid and as memorialized herein in order to terminate the Action with prejudice, and to avoid additional litigation.

NOW, THEREFORE, in consideration of the Parties' mutual covenants and agreements, the Parties have agreed as follows:

1. Except for the terms of this Agreement, the NRM Parties and TMM Parties, mutually, irrevocably and unconditionally, release and forever discharge each other, their successors, assigns, heirs, executors, administrators, agents, servants, employees, representatives, attorneys, parent and subsidiary corporations, affiliates, stockholders, officers, directors, partners, joint venturers and insurers, from and against any and all actions, causes of actions, suits, debts, sums of money, accounts, liabilities, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, obligations, taxes, costs and expenses, claims or demands whatsoever, in law or equity, against each other which they might now have, own or hold, or at any time heretofore ever had, owned or held, or could, shall or may hereafter have, own or hold, whatsoever, upon or by reason of any manner, cause or thing, act or omission, or circumstance whatsoever, whether based on contract, tort, statute or other legal or equitable theory of recovery, whether known or unknown, arising at any time prior to the date of this Agreement.

2. In addition to the foregoing, the TMM Parties irrevocably and unconditionally release and forever discharge Tracey Potoski, individually, and her successors, assigns, heirs, executors, administrators, agents, servants, employees, representatives, attorneys, affiliates, partners, joint venturers and insurers, and all other persons acting on her behalf or purporting to act on her behalf, from and against any and all actions, causes of actions, suits, debts, sums of money, accounts, liabilities, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, obligations, taxes, costs and expenses,

claims or demands whatsoever, in law or equity, that the TMM Parties might now have, own or hold, or at any time heretofore ever had, owned or held, or could, shall or may hereafter have, own or hold, whatsoever, upon or by reason of any manner, cause or thing, act or omission, or circumstance whatsoever, whether based on contract, tort, statute or other legal or equitable theory of recovery, whether known or unknown, arising at any time prior to the date of this Agreement, in consideration of which Tracey Potoski agrees to be bound by the terms and releases set forth herein and applicable to the NRM Parties as though she were an individually named party in the Action;

      3.    The Parties agree that they will release a joint press release to be posted on the website located at XBIZ.com (the "Joint Press Release") that shall state as follows:

> NR MEDIA, INC. and NAKED RHINO MEDIA, LLC, NO RIVALS, LLC and TOO MUCH MEDIA, LLC are pleased to announce that they have resolved their litigation pending in the United States District Court for the District of New Jersey. After substantial investigation by qualified experts at considerable expense to all parties, it has been determined that there was no wrongdoing on the part of any party to this litigation.   NR MEDIA, INC. and  NAKED RHINO MEDIA, LLC, NO RIVALS, LLC and TOO MUCH MEDIA, LLC regret any inconvenience caused to any other party.

      4.    The Parties agree that with the exception of the Joint Press Release, that they shall refrain from making any comments regarding the facts and allegations contained in the pleadings filed in this action except in the context of any Court proceeding brought to enforce the terms of this Agreement.

      5.    The Parties agree that the terms of this Agreement shall remain confidential and may only be disclosed: (a) to the Parties' respective attorneys and accountants; (b) in the event of a Court proceeding brought to enforce its terms; and (c) to the extent required

by Court Order or as otherwise required by law, provided that in the event that any party to this Agreement receives a subpoena that compels the production of this Agreement, counsel for the subpoenaed party shall advise counsel for the non-subpoenaed party, in writing and as soon as practicable, but in no event prior to said production.

6. The Parties, including their respective counsel and consultants, shall destroy all materials produced by any other party in the course of discovery in the Action.

7. The Parties shall execute and exchange such additional documents as their respective counsel may reasonably require, if any, in furtherance of the provisions of this Agreement.

8. In the event that one or more of the provisions, or portions thereof, of this Agreement are determined to be illegal or unenforceable, the remainder of this Agreement shall not be affected thereby, and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

9. This Agreement may be executed in any number of counterparts, each of which shall be deemed one and the same instrument.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the day and year first written above.

| | |
|---|---|
| **NR MEDIA, INC.** | **NAKED RHINO MEDIA, LLC** |
| By: _____ | By: _____ |
| Chris Potoski, President | Chris Potoski, President |

NO RIVALS, LLC

By: _____
      Chris Potoski, President


_____
**CHRIS POTOSKI, Individually**


_____
**TRACEY POTOSKI, Individually**


Approved as to form and content:

By: _____
      **LAUREN X. TOPELSOHN, ESQ.**
      Attorney for NR Media, Inc., Naked
      Rhino Media, LLC, No Rivals, LLC
      and Chris Potoski
      425 Eagle Rock Avenue, Suite 201
      Roseland, New Jersey 07068
      (973) 618-2175


_____
**JASON TUCKER, Individually**

Approved as to form and content:
**CARPELAW, PLLC**

By: _____
      **ROBERT S. APGOOD, ESQ.**
      Attorneys for Jason Tucker
      2400 NW 80th Street, Suite 130
      Seattle, WA 98117
      (206) 624-2379

TOO MUCH MEDIA, LLC

By:_____
      John Albright

Title: _____

Approved as to form and content:
**EVANS, OSBORNE & KREIZMAN, LLC**


By: _____
      **JOEL KREIZMAN, ESQ.**
      Attorneys for Too Much Media, LLC
      802 West Park Avenue, Suite 222
      Ocean, New Jersey 07712
      (732) 695-8108

_____

JOHN ALRBIGHT, Individually


_____

CHARLES BERREBBI, Individually


Approved as to form and content:
**GREENBAUM, ROWE, SMITH & DAVIS, LLP**

By: _____
     **ANDREA J. SULLIVAN, ESQ.**
     Attorneys for John Albright and
     Charles Berrebbi
     99 Wood Avenue South, 4th Floor
     Iselin, New Jersey 08830
     (732) 549-5600

## Lauren Topelsohn

| | |
|---|---|
| **From:** | Lauren Topelsohn |
| **Sent:** | Wednesday, July 16, 2008 9:51 AM |
| **To:** | 'Joel Kreizman' |
| **Cc:** | Andrea SULLIVAN; 'steppler@timecertain.com'; 'rob@carpelaw.com'; 'Chris Potoski'; Steven Harbace; 'Charles Carreon' |
| **Subject:** | RE: NR Media et al. v. Too Much Media, LLC et al. - Attached document from Lauren Topelsohn, Esq. |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Joel Kreizman' | |
| | Andrea SULLIVAN | |
| | 'steppler@timecertain.com' | |
| | 'rob@carpelaw.com' | |
| | 'Chris Potoski' | |
| | Steven Harbace | Read: 7/16/2008 9:52 AM |
| | 'Charles Carreon' | |

Dear Joel:
    Thank you for your response.
    Just one clarification: Charles Carreon, Esq. is not my associate counsel. He is the General Counsel for NR Media, Inc. In addition, as you know, any actions by Mr. Carreon as General Counsel for Plaintiffs prior to parties' settlement have no bearing on its terms or the enforceability of same.

LXT

```
Lauren X. Topelsohn, Esq.
575 Madison Avenue     425 Eagle Rock Avenue
Suite 1006             Suite 201
NY, NY 10022           Roseland, NJ 07068

NY T:  (212) 354-0498
NJ T:  (973) 618-2175
ATTORNEY-CLIENT PRIVILEGED MATERIAL. This e-mail (including any attachments) is
subject to the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq, and
is intended for the exclusive use of the individual to whom it is addressed. This
e-mail and information accompanying it is considered proprietary, confidential,
privileged and/or exempt from disclosure. If you are not the intended recipient or
the agent responsible for delivering the message to the intended recipient, any
use, review, dissemination, or copying of this e-mail and any attachments is
strictly prohibited.  If you have received this e-mail in error, please immediately
notify the sender by reply e-mail and delete this e-mail and any attachments from
your computer. Your cooperation is appreciated.
```

**From:** Joel Kreizman [mailto:jkreizman@evlaw.com]
**Sent:** Wednesday, July 16, 2008 9:38 AM
**To:** Steven Harbace; Lauren Topelsohn
**Cc:** Andrea SULLIVAN; John Albright; berrebbi@toomuchmedia.com
**Subject:** RE: NR Media et al. v. Too Much Media, LLC et al. - Attached document from Lauren Topelsohn, Esq.

Lauren - NJ courts, and federal courts as well, will not accept the filing of documents under seal except in very limited circumstances. Neither court will accept a blanket order for sealing all documents, especially in this type of

case. There is no inherent secret. Even if I agreed to the restrictions you suggest, and I don't, it would be to no avail. My clients will agree to not discuss the terms of the settlement or to bad mouth other parties regarding the issues in the case. I am going to agree to pretend the case never existed or to "put the genie back in the box", i.e., to pretend something is confidential which your associate counsel caused to be posted on the internet - the depositions. Rather than making threats, make your motion. I welcome it.

Joel N. Kreizman, Esq.
Evans, Osborne & Kreizman, LLC
802 West Park Avenue, Suite 222
Ocean, NJ   07712

Mailing Address:  P.O. Box 520, Oakhurst, NJ   07755
jkreizman@evlaw.com

732-695-8100  ext. 332
732-695-8108  fax

7/16/2008